## SUPREME COURT.

### VIRGINIA W. SPENCE agt. GEORGE R. BALDWIN.

*Order of arrest — False representations — Deceit — Repudiation of settlement
because of fraud — Surrender of notes given in settlement — Condition of
upholding order — Filing notes with clerk of court in lieu of tender or sur-
render — When so filed order of arrest will be sustained though no tender or
surrender was made before suit.*

In an action to recover damages for a sum of money embezzled by defend-
ant while acting in a fiduciary capacity as agent of plaintiff, where
defendant collected such money and after appropriating it to his own
use gave secured notes to plaintiff for the amount embezzled, represent-
ing that the notes were well secured when they were not:

*Held,* that because of the false statements made by defendant in inducing
plaintiff to take the notes plaintiff could repudiate the settlement for
fraud.

And where, on a motion by defendant to vacate the order of arrest granted
in the action, the point is raised that no tender or surrender of the
notes received in settlement was made before the commencement of
the action:

*Held,* that the notes must be surrendered, and such surrender must be a
condition of upholding the order of arrest. The notes must be filed
with the clerk to await the final order of the court. If this is complied
with the motion to vacate the order of arrest will be denied.

*New York Special Term, July,* 1880.

THIS was an action brought by plaintiff to recover as dam-
ages a sum of money fraudulently embezzled and converted
by defendant while acting in a fiduciary capacity as agent for
plaintiff.

Defendant was arrested on the complaint and an affidavit
showing defendant thus collected the money and appropriated
it to his own use.

The defendant moved to vacate the order and set forth, by
affidavit, the fact that secured notes were given plaintiff in
settlement of the claim, and alleged that such notes were still

retained by plaintiff and that they are now in possession of plaintiff's attorney.

The motion to vacate came on to be heard before Hon. T. R. WESTBROOK, July special term.

*A. Simis, Jr.,* for motion, urged: The acceptance of the notes by plaintiff merged the original indebtedness in the higher security, and the cause of action was on the notes; and plaintiff having taken the notes in settlement the character of defendant's liability was changed and he could not be arrested, especially as plaintiff still holds the notes, and cited *Wisner* agt. *Ocumpaugh* (71 *N. Y.*, 113); *Jagger Iron Company* agt. *Walker* (76 *N. Y.*, 521); *Frisbie* agt. *Larned* (21 *Wend.*, 450); *Southwick* agt. *Sax* (9 *Wend.*, 122); *Newsen* agt. *Lyell* (5 *Hill*, 466); *The Alliance Insurance Company* agt. *Cleveland* (14 *How.*, 408).

*E. C. Ripley*, opposed.

I. The sum claimed is not for an "indebtedness," but for damages for fraudulent conversion and embezzlement.

II. The plaintiff was induced to accept the notes of defendant by trick and device, and by grossly false and fraudulent statements. The defendant stated to plaintiff that the notes were perfectly good and would be paid at maturity, and that they were secured by a mortgage to one Pierrepont, as trustee, which was perfectly good, and upon property that would sell for fully enough to satisfy and pay all the notes secured; that said notes have not been paid; that they have all matured and been dishonored; that said mortgage was a fraud; that the mortgage only covered an equity of $200 or $300, and that the makers of the notes were now contesting their validity.

WESTBROOK, J. — I have no doubt of the soundness of the law stated by defendant's counsel, but I think it has no application to this case.

The notes were accepted by reason of false statements made

by defendant, and plaintiff could repudiate the settlement for fraud. The notes must be surrendered, and such surrender must be a condition of upholding the order of arrest. The notes must be filed with the clerk to await the final order of the court in this action. If this is complied with the motion is denied.

No costs on motion as no tender of notes was made before suit.